FILED

UNITED STATES DISTRICT COURT

SEP 30 2005

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BRICE EARL CHRISTIANS, | \* | CIV 04-4086 |
| Plaintiff, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Brice Earl Christians in this federal habeas corpus proceedings requests relief for a claimed violation of his right to a speedy trial. The chronology of the dates involved in his state case for the offense of escape are set forth in the Findings of Fact and Conclusions of Law entered by State Circuit Court Judge Neiles on July 10, 2000, in State Criminal No. 97-4051, in Circuit Court in the Second Judicial Circuit, Minnehaha County, South Dakota, Doc. 0138 of the State Court file. Mr. Christians through his third defense attorney in those proceedings, Attorney Lockwood, did on September 29, 1999, file a Motion to Dismiss due to a 180 day violation, Doc. 0093. That Motion was based upon SDCL 23A-44-5.1, and the Motion was denied by Judge Neiles finding that all delays were attributable to this Defendant. Mr. Christians appealed his escape conviction and in South Dakota Supreme Court File 21618, the South Dakota Supreme Court on January 14, 2002, summarily affirmed the conviction and held: "1. that the issues on appeal are clearly controlled by settled South Dakota law or federal law binding upon the states, and 2. that the issues on appeal are factual and there clearly is sufficient evidence to support the findings of fact below (SDCL 15-26A-87.1(A)(1) and (2)." In Civil 02-783 in Circuit Court, Second Judicial Circuit for Minnehaha County, South Dakota, on March 18, 2004 a trial judge entered an Order denying applicant Brice Earl Christians' Motion for Certificate of Probable

Cause in his state habeas action. The South Dakota Supreme Court entered "Order Denying Motion for Certificate of Probable Cause" on April 16, 2004 in Plaintiff's habeas corpus appeal.

## DISCUSSION

The Petitioner Christians' argument in this federal habeas corpus proceeding consists primarily of a re-litigation of the state speedy trial issue. The South Dakota Supreme Court ruled against Petitioner on that issue and this Court cannot review that state law determination.

Now before this Court the question is whether there is a federal constitutional speedy trial violation of the Sixth Amendment or an unreasonable application of federal law by the state courts. See, *Williams* v. *Taylor*, 529 U.S. 362, 120 S.Ct. 1495 at 1522 (2000). In reviewing the state court files, the denial of the state courts is not contrary to federal law nor was it an unreasonable application of federal law as determined by the United States Supreme Court.

Plaintiff alleges he was served with arrest warrants for escape on December 23, 1998. The time for Sixth Amendment speedy trial right attaches at earlier of arrest or indictment unless the Defendant was already in custody on another charge. *U.S.* v. *Sprouts*, 282 F.3d 1037, 1043 (8th Cir. 2002). Mr. Christians was already an inmate at the South Dakota State Penitentiary on another charge, so Mr. Christians did not become an accused for purposes of Sixth Amendment speedy trial analysis until he was indicted on January 7, 1999. *Sprouts* at 1042. Mr. Christians was tried on October 4, 1999. The almost nine month interval between accusation and trial is too short a time to be presumptively prejudicial. *U.S.* v. *White Horse*, 316 F.3d 769, 774 (8th Cir. 775). The delay must be presumptively prejudicial before the other three factors are balanced or examined. Those factors are the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Even if the delay was unnecessarily long, other factors would defeat the claim. Most of the delay was caused by Mr. Christians and most of the rest of the delay was court scheduling. Court scheduling delay is not attributable to the government for Sixth Amendment speedy trial analysis. *Sprouts* at 1043. Finally, no prejudice to Mr. Christians was

2

shown even though he now claims he lost an unnamed witness because of the delay. As a result of this analysis,

IT IS ORDERED:

1. That Petitioner's Petition for Writ of Habeas Corpus is denied.
2. That a Certificate of Appealability is denied as to all issues in the application.

Dated this 30 day of September, 2004.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Sharon Loura
DEPUTY

3